UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20629

v.

ROBERT ALLEN HOLT, Jr.,

*Defendant*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. §

3142(f), I conclude that the facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)    The Government moved for detention at Defendant's first appearance

pursuant to:

   XX    18 U.S.C. § 3142(f)(1).

   __    18 U.S.C. § 3142(f)(2).

__     (2)    A detention hearing was held on this judicial officer's motion pursuant to 18

U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C.**

**§3142(e)(2))**

Does not apply

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

Does not apply.

**D.    Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

\_\_    (1)    There is a serious risk that Defendant will not appear.

\_\_    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

\_\_    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the presumptions in favor of detention apply in this case, the Court must consider the circumstances of Defendant under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves assaultive conduct.  I find, from the grand jury having returned an

indictment, that there is a definite weight of evidence – at least rising to the level of probable cause – supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 30 years of age, was born in New York, and has resided in Michigan throughout his life, with the exception of a brief period of residence in South Carolina. Defendant is not married. Defendant has been employed since May of this year at a fast food restaurant in Mount Pleasant, Michigan. Previous employment includes brief periods of work at other restaurants in the Mount Pleasant area. Counsel for Defendant represents that, if released, Defendant could return to his restaurant job.

Defendant has been diagnosed with mental-health disorders and has admitted to Pretrial Services that he began using marijuana 12 years ago. He also conceded that he has used both powder and crack cocaine, most recently on the day of his arrest. Defendant also conceded that in the past he has experimented with LSD and crystal meth. Counsel for the government also represents that on the day of his arrest Defendant had a .06 blood-alcohol content.

Defendant's criminal history began when he was 14 years of age and includes 12 misdemeanor convictions, one high-court misdemeanor conviction, and two felony convictions. Specifically, in 1994, when Defendant was 14 years old, he was convicted as a juvenile of assault with a weapon and sentenced to fines and 18 months' juvenile probation. In 1997, Defendant pled guilty to two misdemeanor traffic offenses. In 2001, at age 20, Defendant pled guilty to underage possession of alcohol. He was sentenced to pay a fine within 21 days. However, he failed to do so, and a bench warrant was issued. Defendant's bond was applied toward his fines and that

case was closed.  In 2003, Defendant pled guilty to misdemeanor use of marijuana

and was sentenced to 10 days in jail, fines and costs.  Less than one month later,

Defendant was charged and ultimately pled guilty to non-sufficient funds under $100.

He was sentenced to restitution or a period of jail.  Defendant failed to pay the

restitution and was therefore ordered in May 2004 to serve 45 days in jail.  On the

same day as the previous charge, Defendant was charged with two counts of

misdemeanor non-sufficient funds.  Defendant pled guilty to these charges and was

sentenced to fines and costs.  Within a week of these charges, Defendant was

charged twice more with non-sufficient funds.  Defendant was sentenced to probation,

which was ultimately discharged in June 2006.

In October 2003, Defendant was charged with driving while license suspended

(second offense) in the tribal court system.  He pled guilty and was sentenced to fines

and costs.  A bench warrant was ultimately issued by that court due to Defendant's

failure to pay fines.  Between November 2003 and February 2004, Defendant was

charged and convicted of both felony and misdemeanor non-sufficient funds, as well

as felony larceny in a building.  As to the former charges, Defendant was sentenced to

45 days in jail and fines.  As to the latter charge, Defendant was sentenced to five

months in jail and 24 months' probation.  In July 2006, a probation violation hearing

was held, Defendant's probation was revoked, and he was sentenced to 120 days in

jail.  Restitution monies were converted into a civil judgment and Defendant was

unsuccessfully discharged from probation.

In November 2005, at age 25, Defendant was charged with domestic violence

and driving while license suspended.  He pled guilty to the suspended license charge

and was sentenced to fines and costs. Four months later, in March 2006, Defendant pled guilty to larceny in a building and was sentenced to three years' probation. Defendant's probation was ultimately discharged without improvement. In late May 2007, at age 27, Defendant was charged with domestic violence and failure to pay child support. Defendant pled guilty to misdemeanor disorderly conduct and, as to the failure to pay child support, he was sentenced to four years' probation. Therefore, Defendant was on probation at the time of the offense charged in the indictment.

In late November 2007, Defendant was charged again with driving while license suspended. He pled guilty and was sentenced to six months' probation. In February 2008, Defendant was charged with felony larceny in a building. He pled no contest to attempted larceny and was sentenced to six months jail and two years' probation. In October 2009, Defendant was charged with misdemeanor driving while license suspended. He was sentenced to five days in jail, fines and costs.

In April 2010, Defendant was again charged with driving while license suspended. He was also charged with felony conspiracy to possess cocaine and felony controlled substances charges. He pled no contest to conspiracy to possess less than 25 grams of cocaine. As noted earlier, Defendant was on probation from multiple other charges at the time of this offense. Defendant received a delayed sentence on the drug charge, which would have allowed the case to have been dismissed had Defendant complied with the terms of the delayed sentence. However, he violated those terms and a conviction was entered against him in early September 2010.

The Assistant United States Attorney represents that the incident giving rise to this indictment involved an assault by Defendant upon his girlfriend by holding a knife to her face and cutting her, although I am given to understand that the cut was not life-threatening.

In light of Defendant's consistent history of criminal offenses, both felonies and misdemeanors, his almost universal failure to follow the conditions of court-ordered supervision, and his acknowledged use of drugs and alcohol while on probation, I conclude that there are no conditions nor any combination of conditions which I could fashion that would reasonably assure the safety of the a community.  Accordingly, the government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E Binder

CHARLES E. BINDER
Dated: November 5, 2010                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Philip R. Sturtz, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: November 5, 2010    By  s/*Jean L. Broucek*
                Case Manager to Magistrate Judge Binder